**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alexander Johnson, | No. CV-23-00580-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| Target, | |
| Defendants. | |

Pending before the Court is pro se Plaintiff Alexander Johnson's Complaint (Doc. 1) and Application for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. 2). Plaintiff alleges his employer, Target, violated the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act. (Doc. 1 at 13.)

**I.   IFP Application**

Generally, a party who files an action in federal district court must pay a filing fee. 28 U.S.C. § 1914(a). However, indigent plaintiffs may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(1).

Here, Plaintiff indicates that he has been terminated from employment with no other source of income. (Doc. 2.) His monthly expenses total $2,840 a month and his loss of income is $3,040 a month. (*Id.*) To support his claim that he is currently unpaid, he has attached paystubs from June 29, 2023 and October 5, 2023 showing a total payment of $0. (Doc. 2-1.) Therefore, the Court finds that Plaintiff is unable to pay the filing fee and will

grant leave to proceed in forma pauperis.

**II.     Statutory Screening of IFP Complaint**

A district court must screen and dismiss a complaint, or any portion of a complaint, filed in forma pauperis that "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)–(2). The district court applies the same standard that is applied to a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Thus, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard does not demand "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To meet this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim to relief is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Nonetheless, the Ninth Circuit has instructed district courts to "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). If the district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc).

**III.    Plaintiff's Complaint**

Plaintiff's Complaint alleges that his employer, Target, violated the ADA and Title VII. (Doc. 1 at 3.) On March 9, 2023, Plaintiff filed a Charge of Discrimination with the

Equal Employment Opportunity Commission ("EEOC") alleging as follows:

> I began my employment on or about February 1, 2022, with my current position being Warehouse Associate.
> On or about early July 2022, in my capacity as safety advisor, I informed several employees to put on their safety equipment which they refused to do until they were instructed to do so by a non-Black advisor. During my employment, I was subject to sexually disparaging comments, by a male co-worker, when he told me to say something in Spanish, and when I asked what it meant I was told he said I like Dick.
> On or about July 9, 2022, I began having asthma attacks at work, which led me to request an accommodation of working in an area without dust, mold, extreme heat, excessive lifting, and/or be assigned to another position, due to my disability. My employer refused to provide me with an acceptable accommodation, while providing accommodations for my non-Black co-workers. I complained about the harassment, and nothing was done to rectify the situation. On or about February 28, 2023, I was told to leave the building until I was able to provide updated ADA paperwork.
> I believe I was discriminated against because of my disability, for requesting an accommodation, in violation of the Americans with Disabilities Act of 1990, as amended. I further believe I was discriminated against because of my race (Black), my sex (male), for failure to conform to sex-stereotypes, in violation Title VII of the Civil Rights of 1964, as amended.

(*Id.* at 12–13.) Plaintiff also checked the box for retaliation in his Complaint, but he did not elaborate further on his allegations of retaliation. (*Id.* at 4.)

**IV.    Discussion**

To establish a prima facie case of discrimination under the ADA, the plaintiff must show that (1) he is disabled as defined by the ADA; (2) he is a qualified individual with a disability; and (3) he was discriminated against because of his disability. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). The ADA defines a disability as "a physical or mental impairment that substantially limits one or more major life activities of such individual." 42 U.S.C. § 12102(1)(A). A qualified individual is someone who has the

"requisite skill, experience, education, and other job-related requirements of the position" and "with or without accommodations, can perform the essential functions of the employment position." *Anthony v. Trax Int'l Corp.*, 955 F.3d 1123, 1128 (9th Cir. 2020) (quoting 29 C.F.R. § 1630.2(m)); 42 U.S.C. § 12111(8). The ADA places a "duty to accommodate" on employers so long as it does not impose an undue hardship. *McAlindin v. Cnty. of San Diego*, 192 F.3d 1226, 1236 (9th Cir. 1999) (citing 42 U.S.C. § 12112(b)(5)(A)). Next, when a plaintiff alleges retaliation under the ADA, he must establish "(a) that he or she was engaged in a protected activity, (b) that he or she suffered an adverse action, and (c) that there is a causal link between the two." *T.B. ex rel. Brenneise v. San Diego Unified Sch. Dist.*, 806 F.3d 451, 473 (9th Cir. 2015) (quoting *Emeldi v. Univ. of Ore.*, 673 F.3d 1218, 1223 (9th Cir. 2012)). As to the causal link, the plaintiff must show but-for causation. *Id.*

Similarly, to establish the prima facie case for race- and sex- based discrimination under Title VII, the plaintiff must show "(1) []he belongs to a protected class; (2) []he was qualified for [his] position; (3) []he was subject to an adverse employment action; and (4) similarly situated individuals outside [his] protected class were treated more favorably." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1089 (9th Cir. 2008). When a plaintiff alleges Title VII retaliation, he must establish that he was discriminated against "because he opposed any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e-3; *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). Like in an ADA retaliation claim, in a Title VII retaliation claim the defendant must "establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer." *Nassar*, 570 U.S. at 362.

Here, the facts alleged do not present a plausible claim of discrimination under the ADA. Plaintiff alleged he has asthma, he was a qualified individual for the position, and he was terminated after requesting an accommodation. According to the facts alleged, however, Plaintiff continued working without incident for more than six months after the initial request. This suggests that either Plaintiff's asthma does not "substantially limit[]"

his work activities or his employer provided accommodations after the initial request. Additionally, the facts regarding the termination of Plaintiff's employment are unclear. As alleged, Plaintiff explained he was asked to leave the building until he could "provide updated ADA paperwork." This fact muddles whether his employer intended to terminate his employment or to accommodate his disability upon receiving up-to-date information. There is nothing in the Complaint that explains whether Plaintiff subsequently provided updated paperwork and was then terminated, or whether he was terminated at all. As such, the Plaintiff has failed to present facts that suggest he suffered an adverse action as a result of his requests for accommodation.

Next, Plaintiff failed to plausibly allege a case of either race- or sex-based discrimination in violation of Title VII. Plaintiff does not allege any facts that he suffered a cognizable adverse employment action because of his race or sex. Plaintiff presents one instance during which he was "subjected to disparaging comments," however, it is not clear that these were sex-based comments nor that these comments or any actions that resulted from them were adverse employment actions. He talks about being asked to leave because of his asthma accommodations not because of his "failure to conform to sex-stereotypes." Furthermore, although Plaintiff alleges that his non-Black co-workers received accommodations and that his employer failed to promote him and terminated his employment because of his race, he offers no information beyond these conclusory statements. The facts alleged do not discuss any potential for promotion or the reason for his termination, or even that he was terminated, as discussed above.

Finally, Plaintiff has not presented any factual allegations regarding his retaliation claim under the ADA or Title VII and therefore the Court will not assess it further.

**V.     Leave to Amend**

If the district court determines that a pleading might be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127–29. The Court evaluates whether to permit amendment by weighing "(1) bad faith; (2) undue delay; (3) prejudice to the

opposing party; (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

The Court does not believe Plaintiff acted in bad faith nor that allowing him to amend would cause undue delay or prejudice Defendant. Plaintiff has not previously amended his Complaint and, with the issues outlined above in mind, the Court believes it is possible for Plaintiff to allege further facts to survive screening.

Accordingly, the Court will permit an opportunity to amend. **Within thirty (30) days of the date of this Order, Plaintiff may file an Amended Complaint.** If he chooses to amend, Plaintiff must write short, plain statements telling the Court <u>for each claim</u>: (1) law right Plaintiff believes was violated; (2) the name of the Defendant who violated the law; (3) exactly what that Defendant did or failed to do that violated that particular law; (4) how the action or inaction of that Defendant is connected to the violation; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). If Plaintiff fails to affirmatively link the conduct of the named Defendant with the specific injury suffered by Plaintiff, the allegations against Defendant will be dismissed for failure to state a claim. As indicated above, mere conclusory allegations that a Defendant has violated the law are not acceptable and will be dismissed. The Court is aware that Plaintiff is proceeding pro se. Plaintiff shall familiarize herself with the Federal Rules of Civil Procedure and Local Rules for the District of Arizona, both of which can be found on the Court's web site at www.azd.uscourts.gov. Plaintiff is also advised that a Handbook for Self-Represented Litigants is available on the Court's website at: http://www.azd.uscourts.gov/handbook-self-represented-litigants.

///
///
///
///

**VI. Conclusion**

For the foregoing reasons, **IT IS HEREBY ORDERED:**

(1) Plaintiff Alexander Johnson's Application to Proceed In Forma Pauperis is **GRANTED.** (Doc. 2.)

(2) Plaintiff's Complaint is **DISMISSED** with leave to amend. (Doc. 1.) Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order in compliance with the terms of this Order. If Plaintiff fails to file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 13th day of February, 2024.

Honorable Raner C. Collins
Senior United States District Judge